Matter of Monturo (Commissioner of Labor) (2025 NY Slip Op 03846)

Matter of Monturo (Commissioner of Labor)

2025 NY Slip Op 03846

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CV-23-0837
[*1]In the Matter of the Claim of Tina Monturo, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 23, 2025

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Tina Monturo, Bayport, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, an accounts receivable billing representative for a hospital, was informed, pursuant to a state regulation (see 10 NYCRR former 2.61), that she was required to be vaccinated against COVID-19 by a specified date to continue her employment. Claimant's request for a religious exemption was denied in that no such exemption was provided in the state regulation and, alternately, because granting it would pose an "unacceptable health and safety threat to patients, coworkers and visitors." When the deadline to be vaccinated passed without proof that she was vaccinated, her employment was terminated. When claimant applied for unemployment insurance benefits, the Department of Labor issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily separated from her employment without good cause. Following a hearing, an Administrative Law Judge sustained the initial determination denying claimant benefits on the ground that claimant voluntarily separated from her employment without good cause, and that decision was upheld by the Unemployment Insurance Appeal Board in a September 2022 decision. During the pendency of the appeal from that decision, the Board, upon its own motion, reopened its decision to reconsider all issues and remanded the matter for a hearing to address, among other things, claimant's contention that her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccination. Following a September 2023 hearing at which claimant provided additional testimony, the Board, in an October 2023 decision, affirmed the denial of benefits, concluding that claimant failed to demonstrate that her noncompliance with the vaccination mandate was rooted in a sincerely held religious belief and that her voluntary separation from her employment was therefore without good cause, disqualifying her from receiving benefits. Claimant appeals.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1345 [3d Dept 2024]). Likewise, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Security, 489 [*2]US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025]).
In her accommodation request, claimant stated that she declined to be vaccinated because to do so would be a sin against God and the Holy Spirit given that the manufacturers of the COVID-19 vaccine used "fetal cell lines as part of their development of testing vaccines." Claimant further explained that her "faith prohibits [her] from participating in or benefitting from an abortion, no matter how remote in time that abortion occurred." Claimant testified at the initial May 2022 hearing that she is a "born-again Christian" and stated for the first time that she did not want to get vaccinated because the mRNA-based vaccine would "change[ ] the makeup" of her cells. At the remand hearing, claimant conceded that her church did not take a position relative to the COVID-19 vaccine, that she never discussed the issue of receiving a COVID-19 vaccine with a pastor or leader of her church, and that she never maintained a view about vaccination prior to the COVID-19 pandemic. Claimant also conceded that, when she submitted her written accommodation request, she was not aware of and/or concerned about mRNA technology for delivery of the vaccine and that she had previously received other vaccinations without researching their production. Claimant also advised that she takes "a ton of medications" to treat certain medical conditions that she has and that she has not researched the production of any medications. Significantly, claimant expressed that, even if fetal cells were not involved in the production of the COVID-19 vaccination, she still would not have gotten vaccinated given her safety concerns about the vaccine. Deferring to the Board's credibility assessments and the inferences to be drawn from claimant's varied testimony and submissions, substantial evidence supports the Board's finding that claimant voluntarily refused to comply with the vaccine mandate for personal and secular reasons, including her safety concerns, and not based upon sincerely held religious beliefs and, thus, that she left her employment without good cause (see Labor Law § 593 [1]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d at 1415-1416; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1122). Claimant's remaining contentions are either not properly raised in this proceeding or lack merit.
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant filed a notice of appeal to this Court from the Board's original decision, and that appeal was held in abeyance at the request of the Attorney General pending the remand hearing directed by the Board. "Although claimant did not file a notice of appeal from the Board's subsequent decision, the merits of that subsequent decision are reviewable on this appeal in that claimant is aggrieved by that decision in essentially the same manner as she was by the earlier appealed-from decision" (Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1413 n 1 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]).